# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MONIQUE BREAUX**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                    **20-398-SDD-EWD**

**ELECTRIC INSURANCE CO.**

## NOTICE AND ORDER

This is a civil action involving claims for damages by Monique Breaux ("Plaintiff") based upon the injuries she allegedly sustained on October 24, 2013 due to a motor vehicle accident that occurred in Queens, New York (the "Accident").[1]  Plaintiff alleges the Accident was caused when the vehicle in which she was riding as a passenger (owned by Liri Taxi, Inc.["Liri Taxi"] and operated by Muhammad Asim ["Asim"]) collided with the vehicle owned by Paul J. Didio ("PJD") and driven by Richard Cabrera-Didio ("RCD").[2]  On April 23, 2020, Plaintiff filed her Petition for Damages ("Petition") against her uninsured/underinsured motorist carrier Electric Insurance Company ("Electric") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3]  In the Petition, Plaintiff alleges that she is in the process of settling her claims against RCD, PJD, Liri Taxi, and Asim, which she asserted in a previously-filed proceeding currently pending in New York state court.[4]  Plaintiff contends that she has suffered personal injuries as a result of the Accident, caused by the negligence of RCD and Asim, and because "her damages sustained in the accident in question exceed the limits of liability coverage available,[5] the

---

[1] R. Doc. 1-3, ¶¶ III, V.
[2] R. Doc. 1-3, ¶¶ III-IV, VII.
[3] R. Doc. 1-3, ¶¶ I-II.
[4] R. Doc. 1-3, ¶¶ XI-XII.
[5] Plaintiff alleges that, at the time of the Accident, Asim and Liri Taxi were covered by an insurance policy issued by American Transit Insurance Company with policy limits of $100,000 and RCD and PJD were covered by an insurance policy issued by State Farm Insurance Company with policy limits of $100,000.  R. Doc. 1-3, ¶¶ IX-X.

uninsured motorist/under-insured motorist provisions of her policy with … Electric … [policy limits of $100,000-$300,000], provide coverage for her damages."[6]  On June 23, 2020, the matter was removed by Electric to this Court, on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[7]  However, as explained below, the Notice of Removal is deficient in its allegations regarding Plaintiff's citizenship and the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Electric is a Massachusetts corporation with its principal place of business in Massachusetts.[8]  The Notice of Removal further avers that "the Petition alleges that Ms. Breaux is a resident and domiciled in the Parish of Lafourche, State of Louisiana.  Thus, Ms. Breaux is deemed to be a citizen of the State of Louisiana."[9]  However, that is incorrect, as the Petition merely alleges that Plaintiff is "a resident of Raceland, Lafourche Parish, State of Louisiana."[10]  Allegations of residency are not sufficient to adequately allege the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[11]  Accordingly, to properly plead Plaintiff's citizenship, Electric must plead Plaintiff's domicile.

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[12]  The Petition alleges Plaintiff's injuries as follows:

---

[6] R. Doc. 1-3, ¶¶ IV, VI, VIII, XIII-XIV.
[7] R. Doc. 1, ¶¶ 4, 8.
[8] R. Doc. 1, ¶ 6.
[9] R. Doc. 1, ¶ 5.
[10] R. Doc. 1-3, introductory paragraph.
[11] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[12] *See* 28 U.S.C. §1332(a).

VIII.

<u>DAMAGES</u>

As a result of the accident Plaintiff suffers severe and permanent
disabling injuries and itemizes her damages as follows:

1. Medical Expenses-past and future;
2. Loss of wages past and future;
3. Physical pain and suffering past and future;
4. Mental pain and anguish pain (sic) and future;
5. Permanent physical impairment and disability;
6. Loss of enjoyment of life.[13]

Plaintiff also seeks "judgment herein in favor of Plaintiff …in the amount and for a sum adequate

to compensate Plaintiff for her damages in excess of the tort fees and liability coverage," together

with legal interest and court costs.[14]

In the Notice of Removal, Electric relies solely on the allegations of the Petition referenced

above, *i.e.*, Plaintiff's allegations of "severe and permanent disabling injuries," past and future

medical expenses, loss of wages, permanent physical impairment, *etc.*, in its assertion that

Plaintiff's damages exceed the $75,000 jurisdictional threshold.[15]

The foregoing does not provide enough information to determine if Plaintiff's claims will

likely exceed $75,000, exclusive of interest and costs.  First, Plaintiff's general allegations in the

Petition of "severe and permanent disabling injuries" and "permanent physical impairment and

disability," and demands for general categories of damages (*e.g.*, past and future physical and

mental pain, medical expenses, and lost wages)[16] are insufficient to establish the amount in

controversy. Allegations of permanent disability, standing alone with no specification as to the

affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in

---

[13] R. Doc. 1-3, ¶ VIII.
[14] R. Doc. 1, prayer for damages.
[15] R. Doc. 1, ¶ 7.
[16] R. Doc. 1-3, ¶¶ VIII.

controversy requirement.[17]    Moreover,"[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[18]

In this case, there is no description of any of the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far, the nature of Plaintiff's "permanent physical impairment and disability," or Plaintiff's prognosis and recommended future treatment.  Electric has not offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy.  There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would bear on the amount in controversy.

Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

---

[17] *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries.  Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").
[18] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship and the amount in controversy requirement has been met.[19]

Accordingly,

**IT IS HEREBY ORDERED that, on or before July 3, 2020,** Defendant Electric Insurance Company shall file a Motion for Leave to File an Amended Notice of Removal with a comprehensive Amended Notice of Removal that contains all of Electric's numbered allegations, as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Plaintiff Monique Breaux.

**IT IS FURTHER ORDERED that, on or before July 3, 2020,** Defendant Electric Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before July 13, 2020,** Plaintiff Monique Breaux shall file either: (1) a Notice stating that Plaintiff does not dispute that Electric has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 24, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").